DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Bowling Green Municipal Court wherein appellant, Carol Welker, was found to be in violation of probation. Pursuant to 6th Dist.Loc.App.R. 12(C), this appeal is hereby assigned to the accelerated calendar. Appellant asserts the following assignments of error:
 "I. THE LOWER COURT'S DETERMINATION THAT APPELLANT VIOLATED HER PROBATION WAS PREMISED ON HEARSAY, HISTORICAL CONJECTURE AND UNSUBSTANTIATED OPINION.
 II. THE COURT'S ORDER THAT APPELLANT HAVE MEDICATION FORCIBLY ADMINISTERED TO HER, BY INCARCERATION IF NECESSARY, WAS AN ABUSE OF DISCRETION UNDER THESE SPECIFIC CIRCUMSTANCES AS IT RELATES TO THE INTERESTS OF DOING JUSTICE, REHABILITATING APPELLANT, AND INSURING HER GOOD BEHAVIOR PURSUANT TO ORC 2951.02(C).
 III. UTILIZING THE REVIEW CRITERIA OF STATE V. JONES,
THE COURT'S INTERPRETIVE ORDER TO FORCIBLY ADMINISTER MEDICATION TO APPELLANT IS 1) NOT REASONABLY RELATED TO HER REHABILITATION; 2) HAS LITTLE OR NO RELATIONSHIP TO THE CRIME OF WHICH APPELLANT WAS CONVICTED; 3) DOES NOT SENSIBLY RELATE TO CRIMINAL CONDUCT OF APPELLANT; 4) IS NOT REASONABLY RELATED TO POTENTIAL FUTURE CRIMINALITY BY APPELLANT, AND 5) FAILS TO SERVE THE STATUTORY ENDS OF HER PROBLEM."
The facts giving rise to this appeal are as follows. On August 8, 1994, a complaint was filed charging appellant with aggravated menacing, a first degree misdemeanor and a violation of R.C. 2903.21. On November 16, 1994, she pled no contest to the charge and was placed on probation until November 16, 1997.
In December 1994, the probation department filed a notice of probation violation against appellant alleging she had failed to appear for assessment at Behavioral Connections. The notice stated that if appellant appeared for assessment before the probation violation hearing date and if she showed proof to the probation department that she appeared, she did not have to appear for a probation violation hearing. On January 10, 1995, the probation department dismissed the probation violation against appellant. The court ordered her to attend the meetings of the Wood County Mental Health Center.
On January 17, 1997, the probation department filed a notice of probation violation against appellant alleging that she had failed to comply with the treatment plan recommended by Behavioral Connections. On January 31, 1997, the probation violation was vacated. On March 5, 1997, the court extended her probation period until November 16, 1999.
On March 19, 1997, the probation department filed a notice of probation violation against appellant once again alleging that she had failed to comply with the treatment plan recommended by Behavioral Connections. On May 12, 1997, the court continued the matter. On September 12, 1997, the court issued a judgment entry which read "[T]his matter set out for review in six months." On March 20, 1998, the court ordered the probation violation dismissed finding that appellant had complied with treatment.
On October 13, 1998, the probation department filed a notice of probation violation. The violation read as follows: "[B]ehavioral Connections of Wood County reports that the defendant is non-compliant with treatment recommendations. Specifically, she is not taking medication as recommended and has not attended appointments on 9/28/98 and 10/2/98." A probation violation hearing was held on March 10, 1999. On March 11, 1999, the court issued a judgment entry stating:
 "The court finds Defendant is in violation of her probation for failing to follow the treatment recommendations of the Wood County Mental Health Center, now known as Behavioral Connections of Wood County. Specifically defendant only sporadically treats with the prescriptions-prescribed by Dr. Zick. Dr Zick and Now Comprehensive Psychological services recommend prescription medication to control defendant's menacing behaviors. Ordered: Behavioral Connections and/or Dr. Zick to administer (by injection or otherwise) the prescriptions to Defendant."
At the oral argument, both parties acknowledged that the issue raised in this appeal is now moot. Accordingly, this appeal is hereby dismissed at appellant's cost. It is so ordered.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ MELVIN L. RESNICK, J.
PETER M. HANDWORK, J., JAMES R. SHERCK, J., CONCUR.